# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| United States of America, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:18-cr-038 |
| Melinda Rose White Mountain, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is a Motion to Reconsider Order of Detention filed by defendant on May 28, 2019. (Doc. No. 291). Defendant was conditionally released after making her initial appearance in this matter on July 18, 2018. (Doc. Nos. 149 and 150). The court revoked defendant's pretrial release and ordered her detained following her admission in open court on March 14, 2019, to violating her release conditions as alleged in a petition submitted by her supervising Pretrial Services Officer. (Doc. Nos. 210, 229, and 233). Defendant subsequently executed a plea agreement and is scheduled to appear before Chief Judge Hovland on June 6, 2019, and change her plea pursuant to it. (Doc. Nos. 288 and 290). She is now requesting that the court revisit issue of detention following her change of plea hearing and release her pending sentencing.

Requests to revisit the issue of detention pretrial are governed by 18 U.S.C. § 3142(f), which provides in relevant part that a detention hearing "may be reopened before or after a determination by a judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." In contrast, requests to revisit or

1

reopen the issue of detention pending sentencing are governed by 18 U.S.C. § 3143, which mandates, amongst other things, that a defendant who has been found guilty of an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act and is awaiting imposition of sentence be detained unless:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

Here, defendant has executed a plea agreement in which she agrees to enter a plea to offense for which the Controlled Substances Act prescribes a maximum term of imprisonment of twenty years. (Doc. No. 288, ¶ 7). However, she has yet to formally change her plea. Consequently, the court shall consider her motion through the lens of 18 U.S.C. § 3142(f).

Notably, there is nothing in defendant's motion to suggest that defendant possesses information previously unknown to her. There is likewise nothing in defendant's motion to suggest that there has been a material change in her circumstances to warrant reopening the detention hearing. Defendant admittedly squandered the opportunity previously afforded to her. Given the present posture of this case and defendant's demonstrated inability to comply with this court's orders, the court is not inclined to revisit the issue of detention. Defendant's Motion to Reconsider Order of Detention (Doc. No. 291) is therefore **DENIED**. Defendant's request for a hearing (Doc. No. 293) is deemed **MOOT**.

**IT IS SO ORDERED.**

Dated this 5th of June, 2019.

                                                */s/ Clare R. Hochhalter*
                                                Clare R. Hochhalter, Magistrate Judge
                                                United States District Court